UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-80318-Middlebrooks/Matthewman

BRYCE W. APGAR,

    Plaintiff(s),

v.

FAST MICRO SOLUTIONS, INC. et al.,

    Defendant(s).
_____/

**ORDER SETTING FLSA SCHEDULE**

THIS CAUSE is before the Court upon order of reference from the Honorable Donald M. Middlebrooks, United States District Judge. [DE 6]. This case raises claims pursuant to the Fair Labor Standards Act (FLSA). In order to assist the Court in the management of the case, and in an effort to foster its early and cost-effective resolution, the Court **ORDERS** that:

(1)     **By or before May 2, 2025,** Plaintiff(s) shall file with the Court a statement of claim setting forth (1) the period of time in which Plaintiff(s) was employed by Defendant(s); (2) the amount of the alleged unpaid wages; (3) the calculation of such wages (hours worked and hourly rate); (4) the nature of the wages (e.g. overtime or regular); and (5) the dates of the alleged violations. Plaintiff(s) shall serve the statement of claim, together with copies of all documents supporting the claim (*e.g.* time slips, pay stubs) on defense counsel.

(2)     **Within 7 days of receiving Plaintiff(s)' statement of claim,** Defendant(s) shall file with this Court a response, which is to include all hours worked by Plaintiff(s) during each relevant pay period, and the rate of pay and wages paid, including overtime pay, if

any. Defendant(s) shall serve on Plaintiff(s)' counsel (but not file) a copy of all time sheets and payroll records that support or relate to the time periods in the response.

(3) **Within 7 days after Defendant(s) file a response,** counsel for all parties shall meet and confer in person or by videoconference to settle all pending issues, including attorney's fees and costs. Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful discussion that is calculated to fully resolve the case by agreement.

(4) **Within 7 days after the settlement discussion,** a designated party shall file a <u>Joint Report Regarding Settlement</u> that notifies the Court whether:

  i. The parties have settled the case;

  ii. The parties have not settled but wish to continue settlement discussions for a specific period of time;

  iii. The parties wish to engage in either a formal mediation conference before a specific mediator or a settlement conference before a United States Magistrate Judge; or

  iv. The parties have exhausted all settlement efforts and will continue abiding by the deadlines set forth in the Court's Pretrial Scheduling Order.

(5) Any settlement, bargain, or other compromise resolving an FLSA claim must either be presented to the Secretary of Labor or scrutinized by the district court for fairness. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In considering settlement of an FLSA claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *Id.* at 1354–55. If the parties are able to agree on a settlement, they are directed to submit

the terms of the resolution of this case within 10 days from the date of the notice of settlement, in compliance with *Lynn's Food*.

**Note:**  Judge Middlebrooks will not permit any proposed settlement agreement in the context of FLSA settlements to be filed under seal.

(6)  The Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons. Failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings.

(7)  Until further order of the Court, the parties shall continue to abide by all existing pre-trial deadlines.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 25th day of April 2025.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge