UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:25-cv-80318

BRYCE W. APGAR,

    Plaintiff,

vs.

FAST MICRO SOLUTIONS INC. et al.,

    Defendants.
_____/

## AMENDED STATEMENT OF CLAIM

Plaintiff Bryce W. Apgar sues Defendant Fast Micro Solutions Inc and Defendant Raymond Ryan Rosario to secure and vindicate rights afforded by the minimum wage provisions of the United States Code, the Florida Constitution, and common law. As basis of this action, Plaintiff Apgar alleges:

## INTRODUCTION

1. This is an action for damages, the value of which do not exceed $8,000 exclusive of costs, interest, and attorneys' fees.

2. The Defendants failed to pay Plaintiff Apgar as required by the U.S.C. and the Florida Constitution by failing to pay wages due.

3. The Defendants breached their employment contracts with Plaintiff Apgar by failing to pay the wages promised.

4. Plaintiff Apgar seeks to recover his unpaid wages, actual, liquidated, and compensatory damages, and to the extent appropriate, pre and post judgment interest. Plaintiff Apgar also seeks a reasonable attorney's fee pursuant to Fla. Stat §448.08 and U.S.C. § 207.

## JURISDICTION

5. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(c).

## VENUE

6. Venue is proper in the United States District Court, Southern District of Florida, pursuant to 28 U.S.C. § 1391 because the cause of action arose in Palm Beach County, the Defendants continuously operated and conducted business within Palm Beach County, and payment was due in Palm Beach County.

## PARTIES

7. Plaintiff Bryce W. Apgar ("Apgar") is a resident of Palm Beach County, Florida. Throughout the period in which he worked for the Defendants, Plaintiff Apgar was employed by an enterprise engaged in commerce, within the meaning of 29 U.S.C. § 203 and the Florida Minimum Wage Act (Fla. Stat. § 448.110).

8. Defendant Fast Micro Solutions Inc ("FMS") is a Florida Corporation. FMS operates in Palm Beach County, Florida and maintains its principal place of business at 1200 N. Federal Highway, Suite 200, Boca Raton, FL 33432. At all times relevant to this action, FMS employed Plaintiff Apgar within the meaning of 29 U.S.C. § 203 and Fla. Stat. §448.110.

9. Defendant Raymond Ryan Rosario ("Rosario") is a resident of Palm Beach County, Florida. Defendant Rosario continuously conducted business in Palm Beach County, Florida. At all times relevant to this action, Defendant Rosario employed Plaintiff Apgar within the meaning of 29 U.S.C. § 203 and Fla. Stat. §448.110.

## FACTUAL ALLEGATIONS

10. Since at least 2015, Defendant Rosario has owned and operated FMS in Palm Beach County, Florida.

11. Plaintiff Apgar began work as an Office Manager for the Defendants on or about January 8th, 2024. He was employed by the Defendants until on or about February 2, 2024. As part of the terms of his employment, Plaintiff Apgar was promised to be paid $19.50 per hour for every hour of compensable work.

12. During the pay period of 01/08/2024 through 01/14/2024, Plaintiff Apgar provided 50.43 decimal hours of labor for the Defendants. (*See Plaintiff's Collective Exhibit B*)

13. During the pay period of 01/15/2024 through 01/21/2024, Plaintiff Apgar provided 74.45 decimal hours of labor for the Defendants.

14. During the pay period of 01/22/2024 through 01/28/2024, Plaintiff Apgar provided 43.45 decimal hours of labor for the Defendants.

15. At the end of his employment with the Defendants, Plaintiff Apgar was not paid for 168.33 decimal hours of work totaling $3,282.50 in unpaid wages.

16. On 05/16/2024, Plaintiff Apgar sent certified demand letters to the Defendants' registered agent at 33 E Camino Real, Boca Raton, FL 33432, requesting payment of the sum of

wages owed. (*See* Plaintiff's Collective Exhibit A, demand letters, certified mail receipts, and USPS proof of delivery.)

17. On 06/20/2024, Plaintiff sent a final demand letter via USPS First Class Mail to the Defendant's registered agent at 33 E Camino Real, Boca Raton, FL 33432, requesting payment of the sum of wages owed.

18. To date, the Defendants have failed to fully compensate or otherwise resolve the issue to the satisfaction of Plaintiff Apgar.

## COUNT I – VIOLATION OF FLORIDA STATUTE SECTION 448.110 AGAINST DEFENDANTS

19. Plaintiff Apgar brings this claim for the Defendants' violations of the minimum wage provision of the Florida Constitution, as implemented through the Florida Minimum Wage Act, Fla. Stat. §448.110.

20. The Defendants violated the minimum wage provisions of the Florida Constitution by failing to pay Plaintiff Apgar at least $12.00 for every compensable hour of labor performed during each workweek that he was employed by the Defendants.

21. Plaintiff Apgar hereby incorporates by reference all the allegations contained in paragraphs 11 through 17 as if fully stated here.

22. The minimum wage violations resulted from the Defendants' failure to compensate Plaintiff Apgar for 168.33 hours of work.

23. Plaintiff Apgar has performed all conditions precedent to filing this action under the Florida Minimum Wage Act in accordance with Fla. Stat. §448.110(6)(a), but the

Defendants have failed to pay the total amount of unpaid wages or otherwise resolve the claims to the satisfaction of Plaintiff Apgar.

24. As a result of the Defendants' violations of the minimum wage provisions of the Florida Constitution as described above, Plaintiff Apgar is entitled to recover the amount of unpaid wages due to his and an equal amount as liquidated damages, pursuant to Fla. Stat. §448.110(6)(c).

## COUNT II – BREACH OF CONTRACT AGAINST DEFENDANTS

25. Plaintiff Apgar brings this claim for the Defendants' breach of contract.

26. Plaintiff Apgar and the Defendants entered into an agreement when Plaintiff Apgar was hired whereby Plaintiff Apgar agreed to work as an Office Manager for the Defendants and be compensated $19.50 an hour for every hour of compensable work.

27. Plaintiff Apgar relied on the Defendants' promise to be paid a wage equal to $19.00 per hour for every hour of compensable work.

28. Plaintiff Apgar hereby incorporates by reference all the allegations contained in paragraphs 11 through 17 as if fully stated here.

29. The Defendants breached their employment contract with Plaintiff Apgar by failing to pay the wage promised at the time of hire. As a result of the breach, Plaintiff Apgar has suffered damages.

## COUNT III – VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiff Apgar brings the claim for the Defendants' violations of the overtime provision of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. The Defendants violated the Fair Labor Standards Act by failing to pay time and a half for every hour of compensable labor performed in excess of 40 hours in a work week while the Plaintiff was employed by the Defendants.

32. During the pay period of 01/08/2024 through 01/14/2024, in addition to providing Defendants with 40 hours of labor, Plaintiff Apgar provided an additional 10.43 decimal hours of labor, for a total of 50.43 decimal hours of work.

33. During the pay period of 01/15/2024 through 01/21/2024, in addition to providing Defendants with 40 hours of labor, Plaintiff Apgar provided an additional 34.45 decimal hours of labor, for a total of 74.45 decimal hours of work.

34. During the pay period of 01/22/2024 through 01/28/2024, in addition to providing Defendants with 40 hours of labor, Plaintiff Apgar provided an additional 3.45 decimal hours of labor, for a total of 43.45 decimal hours of work.

35. The overtime wage violations resulted from the Defendants failure to compensate the Plaintiff for overtime work completed between January 8, 2024, through January 28, 2024, for a total of 48.33 hours of overtime labor.

36. As a result of the Defendants' violations of the overtime wage provisions of the Fair Labor Standards Act as described above, the Plaintiff is entitled to recover the amount of unpaid overtime wages due to him and an equal amount as liquidated damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Apgar demands judgment for damages against the Defendants and respectfully requests this honorable Court to enter an order:

A. Granting judgment in favor of Plaintiff Apgar and against the Defendants, jointly and severally, on the claim under the minimum wage provisions of the Florida

Constitution as set forth in Count I and awarding the amount of unpaid minimum wages to Plaintiff Apgar in the amount of $1,440.00 plus an equal amount as liquidated damages, totaling $2,880.00;

B. Granting judgment in favor of Plaintiff Apgar and against the Defendants, jointly and severally, on the breach of contract claim as set forth in Count II and awarding the amount of contractually unpaid wages to Plaintiff Apgar in the amount of $3,282.50 plus an equal amount as compensatory damages, totaling $6,565.00;

C. Granting judgment in favor of the Plaintiff and against the Defendants on claims under the overtime provision of the Fair Labor Standards Act as set forth in Count III and awarding him the amount of his unpaid overtime wages in the amount of $1,413.75 and an equal amount as liquidated damages totaling $2,827.50;

D. Awarding Plaintiff Apgar the costs of this action;

E. Awarding Plaintiff Apgar service charges and interests;

F. Awarding Plaintiff Apgar a reasonable attorney's fees; and

G. Granting such further relief as this Court deems just and equitable.

Respectfully submitted, this the 2nd day of May, 2025.

*/s/ Gabriel Perez, Esq.*
Gabriel Perez, Esq.
Bar No. 1030186
Legal Aid Society of Palm Beach County, Inc.
423 Fern Street, Suite 200
West Palm Beach, Florida 33401
561-822-9897
gperez@legalaidpbc.org

Attorney for Plaintiff Apgar

**Collective Exhibit A**



**Legal Aid Society of Palm Beach County, Inc.**
423 Fern Street, Suite 200, West Palm Beach, FL 33401
Phone: (561) 655-8944 • Fax: (561) 655-5269 • Toll-Free 1-800-403-9353
www.legalaidpbc.org

**Executive Director**
Robert A. Bertisch, Esq.
**Administrator**
Michael Spillane
**Director of Development**
Dana K. Brookes
**Board of Trustees**
**Chairperson**
Robert M.W. Shalhoub, Esq.
**Board of Trustees**
David Ackerman, Esq.
Claire Arnold
F. Greg Barnhart, Esq.
Jeffrey A. Devore, Esq.
Mariano Garcia, Esq.
Garry Glickman, Esq.
Jane Kreusler-Walsh, Esq.
Richard Lubin, Esq.
Rafael J. Roca, Esq.
Grasford W. Smith, Esq.
Gary Woodfield, Esq.
**Board of Directors**
**President**
Michelle R. Suskauer, Esq.
**Immediate Past Pres.**
Miriam Acosta-Castriz, Esq.
**First Vice-President**
Lawrence P. Rochefort, Esq.
**Second Vice-President**
Robert H. Friedman, Esq.
**Secretary**
Scott C. Murray, Esq.
**Treasurer**
Jerald S. Beer, Esq.
**Board of Directors**
Leslie Artsis Adams
Daniel Armas, Esq.
Nelson E. Báez, Esq.
Abigail Beebe, Esq.
Richard M. Benrubi, Esq.
Bridget A. Berry, Esq.
Robin Bresky, Esq.
Carla Tharp Brown
Alan M. Burger, Esq.
Vincent F. Cuomo
Amy Devore
Howard D. DuBosar, Esq.
Karis Engle
Dwinette J. Feemster, Esq.
Richard D. Greenfield
Jack P. Hill, Esq.
Denise Rappaport Isaacs, Esq.
Wilnar J. Julmiste, Esq.
W. Hampton Keen, Esq.
Tama B. Kudman, Esq.
Nancy Albano Lambrecht
Gary S. Lesser, Esq.
Daniel Lustig, Esq.
J. Grier Pressly, III, Esq.
Heather L. Ries, Esq.
Peter A. Sachs, Esq.
Matthew Sackel, Esq.
Robert M.W. Shalhoub, Esq.
Rebecca Mercier Vargas, Esq.
Matthew Zimmerman, Esq.

May 16, 2024

SENT VIA CERTIFIED MAIL RRR
Tracking No.: 7019 0160 0000 7823 5203
Fast Micro Solutions, Inc., c/o Raymond Rosario
33 E Camino Real, Boca Raton, FL 33432

SENT VIA CERTIFIED MAIL RRR
Tracking No.: 7019 0160 0000 7823 5197
Fast Micro Solutions, Inc., c/o Raymond Rosario
1200 N. Federal Highway, Suite 200, Boca Raton, FL 33432

**RE: Bryce W. Apgar**

Dear Fast Micro Solutions, Inc. C/O Raymond Ryan Rosario,

Please be advised that the Legal Aid Society of Palm Beach County has been directed by Palm Beach County Resolution R-2012-1857 to investigate and resolve claims of unpaid or underpaid wages. To that effect, the Legal Aid Society represents the interest of Mr. Bryce W Apgar with respect to our client's claim for unpaid wages. **The purpose of this letter is to provide you with notice of Mr. Apgar's claims and attempt to timely resolve those claims prior to litigation.**

**NOTICE OF BREACH**

Mr. Apgar worked for you and your company from on or about January 08, 2024, to on or about February 02, 2024, as an office manager. At the time of hire, Mr. Apgar was promised an hourly wage of $19.50 an hour. However, by the end of his employment with you and your company, Mr. Apgar had not been compensated for any of the hours he had worked. During the pay period of 01/08/2024 through 01/14/2024, Mr. Apgar worked 63.44 decimal hours. During the pay period of 01/15/2024 through 01/21/2024, Mr. Apgar worked 74.44 decimal hours. During the pay period of 01/22/2024 through 01/28/2024, Mr. Apgar worked 51.78 decimal hours. During the pay period of 01/29/2024 through 02/04/2024, Mr. Apgar worked 30.17 decimal hours. As such, he is owed $4,965.87 in unpaid wages for 219.83 hours of unpaid work.

**NOTICE OF MINIMUM WAGE VIOLATION**

Additionally, this is a violation of the Florida Minimum Wage Act, Fla. Stat. 448.110, which requires employees to be compensated *at least* minimum wage for all hours worked. As such and pursuant to the Act, Mr. Apgar is owed at least $2,637.96 in unpaid

  

Additional Funding Provided by Palm Beach County

minimum wages plus an equal and additional amount in liquidated damages, totaling $5,275.92, plus attorney's fees and costs.

## NOTICE OF OVERTIME VIOLATION

Additionally, pursuant to the Fair Labor Standards Act, 29 USC 201, *et seq*, overtime must be paid to an employee if work is performed in excess of 40 hours within a work week. As such, Mr. Apgar is owed time and a half for all hours worked in excess of 40 within the workweek. We estimate that he is owed $2,037.56 in unpaid overtime. Should this matter go to court, Mr. Apgar would seek an equal and additional amount in liquidated damages totaling $4,075.11, plus any attorney's fees and costs.

## RESOLUTION

At this time, we are seeking to recover only the amount of wages actually owed ($4,965.87). In an effort to resolve this dispute, we are able to offer pre-suit mediation as an option. **If you are interested in resolving this matter, free of charge, prior to any legal action, please mail us a check payable to Mr. Bryce W Apgar in the amount of $4,965.87.** The check should be mailed to our office at the address below. If you have any questions, please contact the undersigned attorney at gperez@legalaidpbc.org or at (561) 822-9897.

We sincerely hope that we are able to resolve this wage dispute before initiating any adversarial action. **However, if we do not hear from you within thirty (30) days of this letter, we will continue to pursue legal action to the extent permitted by law.** If this matter is not resolved, we will be seeking court costs, attorney fees, liquidated damages, and interest, pursuant to Fla. Stat. §448.08 and the Florida Minimum Wage Act.

## FINAL NOTES

Please do not contact or attempt to contact our client, directly or indirectly, regarding this matter. Instead, please direct all communication, either from you or any attorney acting on your behalf, to the undersigned attorney.

Please note that under Florida and Federal law, individuals and not just companies, may be held responsible for unpaid minimum wages owed as an "employer" of the employees. An "employer" is defined broadly as any person acting directly or indirectly in the interest of an employer in relation to an employee. Based on this definition, you may be individually liable to our client for unpaid wages.

The purpose of this letter is to provide you with notice of Mr. Apgar's claims and attempt to timely resolve those claims. If you have information that is contrary to or would refute their allegations as set forth herein, please advise us of your position. If we conclude that your position has merit, we will notify our client accordingly and take no further action.

Finally, please be advised that the law prohibits anyone from retaliating against current or former employees for seeking their lawfully due unpaid wages or participating in the investigation of such a claim. To the extent that anyone from your organization attempts to penalize, discipline,

threaten, discriminate against, or intimidate our client, we will pursue a claim for retaliation, including referral to the Palm Beach County State Attorney's Office for prosecution.

Sincerely,

*/S/Gabriel Pérez, Esq.*

Gabriel Pérez
Attorney at Law
Legal Aid Society of Palm Beach County, Inc.
423 Fern Street, Suite 200
West Palm Beach, FL 33401
gperez@legalaidpbc.org
(561) 822-9897



## Track USPS package

7019 0160 0000 7823 5197    [Track]


USPS package #70190160000078235197
www.usps.com

### In transit

Processed ——————————— In transit ——————————— Delivered

| DATE | TIME | LOCATION | STATUS |
|---|---|---|---|
| Jun 3 | 3:24 PM | West Palm Beach, FL, United States | Forward expired |
| Jun 2 | 12:18 PM | West Palm Beach FL Distribution Center | Arrived at USPS regional facility |
| Jun 1 | 8:30 AM | Miami FL Distribution Center | Arrived at USPS regional facility |
| May 20 | 1:19 PM | Boca Raton, FL, United States | Forward expired |
| May 17 | 9:43 PM | West Palm Beach FL Distribution Center | Arrived at USPS regional facility |

---



# Legal Aid Society of Palm Beach County, Inc.

423 Fern Street, Suite 200, West Palm Beach, FL  33401
Phone: (561) 655-8944 • Fax: (561) 655-5269 • Toll-Free 1-800-403-9353
www.legalaidpbc.org

**Executive Director**
Robert A. Bertisch, Esq.
**Administrator**
Michael Spillane
**Director of Development**
Dana K. Brookes
**Board of Trustees**
**Chairperson**
Robert M.W. Shalhoub, Esq.
**Board of Trustees**
David Ackerman, Esq.
Claire Arnold
F. Greg Barnhart, Esq.
Jeffrey A. Devore, Esq.
Mariano Garcia, Esq.
Garry Glickman, Esq.
Jane Kreusler-Walsh, Esq.
Richard Lubin, Esq.
Rafael J. Roca, Esq.
Grasford W. Smith, Esq.
Gary Woodfield, Esq.
**Board of Directors**
**President**
Michelle R. Suskauer, Esq.
**Immediate Past Pres.**
Miriam Acosta-Castriz, Esq.
**First Vice-President**
Lawrence P. Rochefort, Esq.
**Second Vice-President**
Robert H. Friedman, Esq.
**Secretary**
Scott C. Murray, Esq.
**Treasurer**
Jerald S. Beer, Esq.
**Board of Directors**
Leslie Artsis Adams
Daniel Armas, Esq.
Nelson E. Báez, Esq.
Abigail Beebe, Esq.
Richard M. Benrubi, Esq.
Bridget A. Berry, Esq.
Robin Bresky, Esq.
Carla Tharp Brown
Alan M. Burger, Esq.
Vincent F. Cuomo
Amy Devore
Howard D. DuBosar, Esq.
Karis Engle
Dwinette J. Feemster, Esq.
Richard D. Greenfield
Jack P. Hill, Esq.
Denise Rappaport Isaacs, Esq.
Wilnar J. Julmiste, Esq.
W. Hampton Keen, Esq.
Tama B. Kudman, Esq.
Nancy Albano Lambrecht
Gary S. Lesser, Esq.
Daniel Lustig, Esq.
J. Grier Pressly, III, Esq.
Heather L. Ries, Esq.
Peter A. Sachs, Esq.
Matthew Sackel, Esq.
Robert M.W. Shalhoub, Esq.
Rebecca Mercier Vargas, Esq.
Matthew Zimmerman, Esq.

June 20, 2024

SENT VIA USPS FIRST CLASS MAIL
Fast Micro Solutions, Inc., c/o Raymond Rosario
33 E Camino Real, Boca Raton, FL 33432

SENT VIA USPS FIRST CLASS MAIL
Fast Micro Solutions, Inc., c/o Raymond Rosario
1200 N. Federal Highway, Suite 200, Boca Raton, FL 33432

### Final Letter Re: Bryce W Apgar

Dear Fast Micro Solutions, Inc., c/o Raymond Ryan Rosario,

The Legal Aid Society represents the interests of Mr. Apgar and as such we have attempted to resolve an underpayment of wages issue with you. We sent a demand letter to you on 05/16/2024 and followed up with phone calls on the dates of 05/22/2024 and 06/10/2024. We have so far been unsuccessful in coming to a resolution with you.

We are prepared to file a lawsuit against you and your company. **We anticipate filing the lawsuit within two weeks from the date of this letter.** If you would like to discuss a resolution prior to the filing of the lawsuit, please contact me immediately.

Thank you for your attention to the matter.

Sincerely,

**/s/Gabriel Perez**

Gabriel Perez, Esq.
Attorney at Law
Legal Aid Society of Palm Beach County, Inc.
423 Fern Street, Suite 200
West Palm Beach, FL 33401
(561) 822-9897
gperez@legalaidpbc.org

     Additional Funding Provided by Palm Beach County

**Collective Exhibit B**
















